FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
12/16/2024 2:48 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

TODD LOPEZ, As Personal Representative ) No. D-101-CV-2024-03033
for the ESTATE OF SUKHJINDER SINGH, ) Case assigned to Ellenwood, Kathleen McGarry
and as Personal Representative for the )
ESTATE OF SIMRANJIT SINGH, Deceased; )
ANOOP SINGH; IQBAL KAUR; RAVINDER )
SINGH; and JASBIR KAUR, )
                                      )
           Plaintiffs,                )
vs.                                   )
                                      )
                                      )
ALVIL TRUCKING, INC.; and             )
ALEKSANDR PRONKIN,                    )
                                      )
                                      )
Defendants.                           )

### PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH, LOSS OF CONSORTIUM, PERSONAL INJURY AND PUNITIVE DAMAGES

COME NOW Plaintiff TODD LOPEZ, as Personal Representative for the ESTATE OF SUKHJINDER SINGH, deceased, and as Personal Representative for the ESTATE OF SIMRANJIT SINGH, deceased; ANOOP SINGH; IQBAL KAUR; RAVINDER SINGH; and JASBIR KAUR, by and through their attorneys of record, Roybal-Mack & Cordova, P.C., Robins Cloud LLP, The Mann Law Firm, and state the following as their Complaint:

### PARTIES

1. Plaintiff TODD LOPEZ, as Personal Representative for the Estate of Sukhjinder Singh, deceased, and as Personal Representative for the Estate of Simranjit Singh, deceased, is an attorney licensed in the State of New Mexico who resides in Santa Fe County, New Mexico. Plaintiff TODD LOPEZ, as Personal Representative for the Estate of Sukhjinder Singh, deceased,

Exhibit A

and as Personal Representative for the Estate of Simranjit Singh, deceased, was appointed in such capacity by the First Judicial District Court, County of Santa Fe, State of New Mexico, in cause number D-101-CV-2024-02788 on December 4, 2024.

2. Plaintiff ANOOP SINGH is a citizen and resident of Punjab, India. ANOOP SINGH is the father of decedent Sukhjinder Singh.

3. Plaintiff IQBAL KAUR is a citizen and resident of Punjab, India. IQBAL KAUR is the mother of decedent Sukhjinder Singh.

4. Plaintiff RAVINDER SINGH is a citizen and resident of Punjab, India. RAVINDER SINGH is the father of decedent Sukhjinder Singh.

5. Plaintiff JASBIR KAUR is a citizen and resident of Punjab, India. JASBIR KAUR is the mother of decedent Simranjit Singh.

6. Defendant ALVIL TRUCKING, INC. ("hereinafter referred to as "ALVIL TRUCKING") is an Illinois corporation, duly organized and existing pursuant to law. ALVIL TRUCKING has transacted business in the State of New Mexico at all times relevant hereto, but has failed to designate an agent for service of process. Pursuant to New Mexico Statute Annotated, Section 38-1-6, service of process may be obtained by serving the New Mexico Secretary of State with two copies of the process in this cause. The New Mexico Secretary of State will then complete service by serving ALVIL TRUCKING's registered agent for service, Bejoy Zachariah, 663 N. Willow Road, Elmhurst, IL 60126.

7. Defendant ALEKSANDR PRONKIN is an individual residing in Spokane, Washington, and may be served with citation at his place of residence, 7102 N. Pittsburg Street, Spokane, Washington 99217.

## JURISDICTION, VENUE AND JOINDER

8. Jurisdiction over the parties and the subject matter herein is proper with this Court pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA 1978 §38-1-6.

9. Venue is proper in this Court pursuant to NMSA 1978, §38-3-1(A) and (F) because the cause of actions set forth herein originated in Bernalillo County, New Mexico.

10. Joinder of Plaintiffs' claims against Defendants in this action is proper under Rule 1-020, because Plaintiffs' claims: (1) arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) questions of law and fact common to all Defendants will arise in this action.

## FACTUAL BACKGROUND

11. On the morning of March 7, 2024, Defendant ALEKSANDR PRONKIN was driving a 2024 Kenworth tractor pulling a 2019 utility trailer traveling westbound on Interstate 40 ("I-40") in Bernalillo County, New Mexico.

12. As Defendant ALEKSANDR PRONKIN drove westbound on I-40, his tractor-trailer left the roadway and careened across the dirt and vegetative median separating the westbound and eastbound lanes of traffic. After crossing the median, Defendant ALEKSANDR PRONKIN's tractor-trailer crossed in front of I-40's eastbound traffic and violently crashed into a 2023 Freightliner tractor-trailer carrying decedents Sukhjinder Singh and Simranjit Singh.

Defendant ALEKSANDR PRONKIN's tractor-trailer came to rest on the driver's side, and the 2023 Freightliner tractor-trailer occupied by decedents was demolished.

13. As a result of the collision in question, both Sukhjinder Singh and Simranjit Singh were killed.

14. The deaths of Sukhjinder Singh and Simranjit Singh, and the damages sustained by Plaintiffs were all the proximate result of Defendants' acts and omissions as further described herein.

## CAUSES OF ACTION

## COUNT I

**Negligence and Negligence Per Se Against Defendant ALEKSANDR PRONKIN**

15. Plaintiffs reallege and incorporate by reference all previous paragraphs stated herein.

16. On March 7, 2024, Defendant ALEKSANDR PRONKIN was operating a tractor-trailer owned and/or otherwise subject to the custody and/or control of Defendant ALVIL TRUCKING, INC.

17. Defendant ALEKSANDR PRONKIN had a duty to drive in a reasonable and safe manner and follow traffic rules in order to prevent foreseeable harm to others, including decedents Sukhjinder Singh and Simranjit Singh.

18. Defendant ALEKSANDR PRONKIN's duty of care increases with the severity of danger. Thus, Defendant ALEKSANDR PRONKIN's duties were especially high given the type of vehicle driven, the weight of the vehicle driven, and the high standard of care required of drivers of tractor-trailers, and intrastate, and/or interstate motor carriers.

19. Defendant ALEKSANDR PRONKIN failed to drive in a reasonable and safe manner and failed to follow traffic rules.

20. The collision in question was the direct and proximate result of Defendant ALEKSANDR PRONKIN's negligent acts and omissions, including, but not limited to, the following:

   a. Failure to give his full time and attention to the operation of his vehicle;

   b. Failure to operate his vehicle in a reasonable and safe fashion;

   c. Failure to keep a proper lookout;

   d. Failure to use due care;

   e. Failure to keep his vehicle under proper control;

   f. Failure to maintain a safe speed;

   g. Driving while overly fatigued; and

   h. Otherwise acting without the reasonable care required of him under the circumstances.

21. Defendant ALEKSANDR PRONKIN's negligence, as described above, was a direct and proximate cause of this crash, the deaths of Sukhjinder Singh and Simranjit Singh, and Plaintiffs' injuries and damages.

22. As a result, Defendant ALEKSANDR PRONKIN breached the duties he owed to Plaintiffs.

23. Additionally, as Defendant ALEKSANDR PRONKIN was operating a commercial vehicle within New Mexico, Defendant ALEKSANDR PRONKIN was subject to federal and state statutes regarding the operation of commercial vehicles. Defendant ALEKSANDR PRONKIN's

acts and/or omissions and wrongful conduct described above were in violation of certain federal and state statutes and regulations, including, but not limited to, the following:

a. NMSA § 65-3-7;

b. NMSA § 65-3-8;

c. NMSA § 66-7-301(B)(1);

d. NMSA § 66-7-308;

e. NMSA § 66-7-317;

f. NMSA § 66-8-113;

g. NMSA § 66-8-114; and

24. The statutes and regulations identified above expressly and implicitly prescribe a standard of conduct for Defendant ALEKSANDR PRONKIN. Decedents, using a public roadway, were among the class of persons sought to be protected by the statutes and regulations identified above. The harms and injuries suffered by Plaintiffs are of the type the legislature, through the statutes identified above, sought to prevent. As such, Plaintiffs are entitled to a presumption of negligence per se by Defendant ALEKSANDR PRONKIN's acts and/or omissions and wrongful conduct in violation of such statutes.

25. The negligent acts and omissions outlined above, including the violations of the above identified statutes either singularly or in combination, was a cause of Plaintiffs' injuries and damages.

## COUNT II

**Negligence and Negligence Per Se Against Defendant ALVIL TRUCKING, INC.**

26. Plaintiffs reallege and incorporate by reference all previous paragraphs stated herein.

27. On March 7, 2024, Defendant ALEKSANDR PRONKIN was, on information and belief, operating the tractor and trailer owned by Defendant ALVIL TRUCKING, INC. This Defendant retained control, and/or use of the equipment and thereby assumed complete responsibility for the control and use of the equipment. Therefore, Defendant ALVIL TRUCKING, INC. is vicariously liable for the acts and or omissions of Defendant ALEKSANDR PRONKIN.

28. On March 7, 2024 and, at all times material, Defendant ALEKSANDR PRONKIN was acting as an agent or employee of Defendant ALVIL TRUCKING, INC, and was within the course and scope of his employment with Defendant ALVIL TRUCKING, INC. Defendant ALVIL TRUCKING, INC. is vicariously liable for the acts and/or omissions of its employees, agents, apparent agents, representatives, and/or designees under the doctrine of respondeat superior, including the acts and/or omissions of Defendant ALEKSANDR PRONKIN.

29. Defendant ALVIL TRUCKING, INC. had a duty to make sure that drivers of its tractor-trailers drive in a reasonable and safe manner and follow traffic rules in order to prevent foreseeable harm to others, including decedents and Plaintiffs.

30. Defendant's duty of care increases with the severity of danger.

31. Defendant's duty was especially high given the type of vehicle driven, the weight of the vehicle driven, and the high standard of care required of drivers of tractor-trailers, and intrastate, and/or interstate motor carriers.

32. Defendant ALVIL TRUCKING, INC. failed to make sure that its driver, Defendant ALEKSANDR PRONKIN, drove in a reasonable and safe manner and followed traffic rules.

33. The subject crash was the direct and proximate result of Defendant ALVIL TRUCKING, INC.'s independent negligent acts and omissions, including, but not limited to, the following:

a. Failure to properly train Defendant ALEKSANDR PRONKIN;

b. Failure to properly monitor Defendant ALEKSANDR PRONKIN;

c. Failure to properly supervise Defendant ALEKSANDR PRONKIN;

d. Failure to assure that Defendant ALEKSANDR PRONKIN was not operating the vehicle in question in a fatigued or otherwise unfit physical and/or mental condition;

e. Failure to properly inspect the tractor-trailer driven and pulled by Defendant ALEKSANDR PRONKIN and other drivers;

f. Failure to properly repair and maintain the tractor-trailer driven and pulled by Defendant ALEKSANDR PRONKIN and other drivers; and/or

g. Otherwise acting without the reasonable care required of it under the circumstances.

34. Defendant ALVIL TRUCKING, INC. knew or should have known that such conduct posed a risk of harm to others, including decedents and Plaintiffs.

35. As a result, Defendant breached the duties it owed to decedents and Plaintiffs.

36. Additionally, as Defendant ALVIL TRUCKING, INC. was engaged in the business of operating commercial vehicles driven within New Mexico, Defendant was subject to federal and state statutes regarding the operation of commercial vehicles. Defendant's acts and/or omissions and wrongful conduct described above were in violation of the following statutes and regulations, including but not limited to, the following:

a. NMSA § 65-3-7;

b. NMSA § 65-3-8;

c. NMSA § 66-7-301(B)(1);

d. NMSA § 66-7-308;

8

  e. NMSA § 66-7-317;

  f. NMSA § 66-8-113;

  g. NMSA § 66-8-114; and

  h. NMSA § 66-8-121.

37. The statutes and regulations identified above expressly and implicitly prescribe a standard of conduct for Defendant. Decedents, using a public roadway, were among the class of persons sought to be protected by the statutes and regulations identified above. The harms and injuries suffered by Plaintiffs are of the type the legislature, through the statutes identified above, sought to prevent. As such, Plaintiffs are entitled to a presumption of negligence per se by Defendant's acts and/or omissions and wrongful conduct in violation of such statutes.

38. The negligent conduct as outlined above, including the violations of the above identified statutes, either singularly or in combination, were a cause of Plaintiffs' injuries and damages.

### COUNT III

**Damages**

39. Plaintiffs reallege and incorporate by reference all previous paragraphs stated herein.

40. As a direct and proximate result of Defendants' negligence, as stated above, Plaintiffs seek damages including the following:

  a. Wrongful death damages to the Estate of Sukhjinder Singh;

  b. Wrongful death damages to the Estate of Simranjit Singh;

  c. Personal injury damages including, pecuniary losses and pre-death pain and suffering to the Estate of Sukhjinder Singh;

    d.  Personal injury damages including, pecuniary losses and pre-death pain and suffering to the Estate of Simranjit Singh;

    e.  Compensatory damages in amount sufficient to compensate Plaintiffs ANOOP SINGH, IQBAL KAUR, RAVINDER SINGH, AND JASBIR KAUR for loss of services, loss of parental consortium, loss of guidance, emotional distress, and other legally available damages; and

    f.  Pre-judgment interest, post-judgment interest, and costs of suit, as allowed by law.

## COUNT IV

**Punitive Damages Against Defendant ALVIL TRUCKING, INC.**

41.  Plaintiffs reallege and incorporate by reference all previous paragraphs stated herein.

42.  In addition to the conduct set forth above, Defendant ALVIL TRUCKING, INC acted intentionally, recklessly, willfully and/or with wanton disregard for the safety of others because they allowed, and on information and belief, encouraged a pattern and practice of overworking their employees, failing to train, inspect and maintain their vehicles, and failing to comply with state and federal safety standards and regulations.

43.  Among other things, these Defendants knew and allowed the following:

    a.  Numerous violations of drivers lacking the knowledge of Federal Motor Carrier Safety Regulations;

    b.  Numerous violations of drivers for failing to comply with traffic control devices;

    c.  Numerous violations of the Federal Motor Carrier Safety Regulations;

    d.  Operating their vehicles without required inspections;

    e.  Operating their vehicles without proper repair and maintenance; and

  f. Otherwise operating their vehicles in a dangerous condition.

44. Among others, these intentional, reckless and/or willful acts and omissions of the Defendant ALVIL TRUCKING, INC., either singularly or in combination, were a proximate cause of the Plaintiffs' injuries and damages. Accordingly, Defendant is liable for punitive damages.

45. Defendant ALVIL TRUCKING, INC.'s acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiff would show that the acts and/or omissions of Defendant were carried out with a conscious disregard for an extreme danger of risk and the rights of others and with actual awarenesses on the part of Defendant that its acts would, in reasonable probability, result in serious personal injury or death. Defendant caused substantial personal injury and death to the Decedents which resulting harm to Plaintiffs and Defendant ALVIL TRUCKING, INC. engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendant, through its employees, management and vice-principals, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety or welfare of others, including Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

a. For judgment against Defendants for compensatory and punitive damages in amount sufficient to compensate Plaintiffs and all eligible beneficiaries for all available survival, wrongful death, loss of consortium damages and all other legally available damages, including but not limited to damages for the full value of the lives of Sukhjinder Singh and

11

Exhibit A

Simranjit Singh, pre-death pain and suffering of the decedents, lost earnings, lost earning capacity, loss of services, loss of parental consortium, loss of guidance, loss of counseling, emotional distress, funeral and burial expenses and all other legally available damages;

b. For an award of pre-judgment interest on all sums determined to be due Plaintiffs and all eligible beneficiaries;

c. For punitive damages;

d. For all of Plaintiffs' costs incurred by way of this lawsuit;

e. For such other relief as the Court deems appropriate under applicable law.

DATED: December _____, 2024

Respectfully submitted:

**ROYBAL-MACK & CORDOVA PC**

By: /s/ *Antonia Roybal-Mack*
Antonia Roybal-Mack, Esq.
**Roybal-Mack & Cordova PC**
6700 Jefferson St. NE Suite A3
Albuquerque, NM 87107
Telephone: (505) 288-3500
Facsimile: (505) 288-3501
antonia@roybalmacklaw.com

**ROBINS CLOUD LLP**

By: /s/ *Bryan C. Payne*
Bryan C. Payne, Esq.
**Robins Cloud LLP**
808 Wilshire Blvd., Suite 450
Santa Monica, CA 90401
Telephone: (505) 986-0600

Facsimile: (505) 986-0632
bpayne@robinscloud.com

and

**THE MANN LAW FIRM**

By: /s/ *Mohinder S. Mann*
Mohinder S. Mann, Esq.
Gurinder S. Mann, Esq.
**THE MANN LAW FIRM**
Mohinder S. Mann
Gurinder S. Mann
1027 W. Taylor Street
San Jose, CA 95126
Telephone (408) 287-1600
Facsimile (408) 287-1639
mann@themannlawfirm.com
gary@themannlawfirm.com

*Attorneys for Plaintiffs*

Exhibit A

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury.

Respectfully Submitted,

DATED: December _____, 2024

                                Respectfully submitted:

                                **ROYBAL-MACK & CORDOVA PC**

                                By: _____
                                Antonia Roybal-Mack, Esq.
                                **Roybal-Mack & Cordova PC**
                                6700 Jefferson St. NE Suite A3
                                Albuquerque, NM 87107
                                Telephone: (505) 288-3500
                                Facsimile: (505) 288-3501
                                antonia@roybalmacklaw.com

                                **ROBINS CLOUD LLP**

                                By: _____
                                Bryan C. Payne, Esq.
                                **Robins Cloud LLP**

Exhibit A

808 Wilshire Blvd., Suite 450
Santa Monica, CA 90401
Telephone: (505) 986-0600
Facsimile: (505) 986-0632
bpayne@robinscloud.com

**THE MANN LAW FIRM**

By: _____
Mohinder S. Mann, Esq.
Gurinder S. Mann, Esq.
**THE MANN LAW FIRM**
Mohinder S. Mann
Gurinder S. Mann
1027 W. Taylor Street
San Jose, CA 95126
Telephone (408) 287-1600
Facsimile (408) 287-1639
mann@themannlawfirm.com
gary@themannlawfirm.com

*Attorneys for Plaintiffs*